Christopher M. Von Maack (CA Bar No. 233527)
vonmaack@mvmlegal.com
Brian E. Lahti (CA Bar No. 278951)
lahti@mvmlegal.com
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Attorneys for Defendant EPIC GAMES, INC.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ABELARDO MARTINEZ, JR., an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>EPIC GAMES, INC., a Maryland corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 5:19-cv-02454<br><br>**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION** |

Pursuant to 28 United States Code Sections 1332, 1441, and 1446, Defendant Epic Games, Inc. ("Epic Games"), through its counsel of record, MCNEILL VON MAACK, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 1332, 1441, 1446.

Epic Games Notice of Removal of State Court Civil Action- 1

## RELEVANT FACTS

1. On November 19, 2019, Abelardo Martinez, Jr. ("Plaintiff" or "Martinez") initiated the action styled *Abelardo Martinez, Jr. v. Epic Games, Inc.* in the Superior Court of the State of California for the County of Los Angeles, Case No. 19STCV41717, before the Honorable Gregory Keosian (the "State Court Action"). (*See* Complaint, attached as Exhibit "1.")

2. Plaintiff served the Complaint on Epic Games on November 21, 2019. (*See* Notice and Acknowledgment of Receipt – Civil, attached as Exhibit "2.")

3. Plaintiff is a resident of California and resides in Riverside County, California. (*See id*. ¶ 7, Ex. 1.)

4. Epic Games is a Maryland Corporation with its principal place of business in Cary, North Carolina. (*See id*. ¶ 9, Ex. 1.)

5. The Complaint asserts a claim against a single named defendant, Epic Games. (*See* Complaint, ¶¶ 9-10, Ex. 1.)

6. In the Complaint, Plaintiff asserts a single claim against Epic Games for violation of California's Unruh Civil Rights Act ("Unruh Act") due to alleged accessibility barriers on Epic Games site epicgames.com/store/en-us (the "Website"). (*See id*. ¶¶ 21-28, Ex. 1.)

7. In the Complaint, Plaintiff seeks relief in the form of preliminary and permanent injunction, statutory damages, and attorney fees and costs. (*See id*. ¶¶ 27-28, Ex. 1.)

8. In the Complaint, Plaintiff seeks "statutory minimum damages pursuant to California Civil Code § 52 for each and every offense" and alleges "several attempts to access the Website in recent months" during which Plaintiff was denied "full and equal access" because of "numerous access barriers contained" on the Website. (*See id.* ¶¶ 20, 28, Ex. 1.)

9. Plaintiff improperly attempts to "expressly limit[] the injunctive relief to require that Defendant expend no more $20,000 as the cost of the injunctive relief." (*See id.* p. 9, ¶ 2, Ex. 1.)

10. Plaintiff also improperly attempts to limit his "total amount of recovery, including statutory damages, attorneys' fees and costs, and cost of injunctive relief not to exceed $74,999." (*See id.* p. 9, ¶ 3, Ex. 1.)

11. In two recent cases regarding website accessibility violations of the Unruh Act brought by Plaintiff's Counsel, Plaintiff's Counsel sought attorney fees in excess of $100,000. (*See* Declaration of Brian E. Lahti In Support of Notice of Removal ("Lahti Decl."), ¶¶ 2-6.)

12. Specifically, in *Thurston v. Midvale Corp.* in the Superior Court of the State of California for the County of Los Angeles, Case No. BC663214 the case was decided at the summary judgment stage and Plaintiff's Counsel sought attorney fees in the amount of $163,345.00. (*See id*. ¶¶ 2-4, Exhibit "A.")

13. And in *Davis v. BMI/BNB Travelware Co.* in the Superior Court of the State of California for the County of San Bernardino, Case No. CIVDS1504682 the case was also decided at the summary judgment stage and Plaintiff's Counsel sought attorney fees in the amount of $118,932.19.  (*See id*. ¶¶ 2, 5-6, Exhibit "B.")

14. Epic Games has not responded to the Complaint in the State Court Action.

15. In accordance with 28 United States Code Section 1446(a), a copy of the "process, pleadings, and orders served upon" Epic Games in the State Court Action are attached as Exhibits 1-6.  *See* 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

Removal is timely because this Notice of Removal is filed less than 30 days after Plaintiff's service of the Complaint upon Epic Games.  *See* 28 U.S.C. § 1446(b)(1); (*see* Notice and Acknowledgment of Receipt, Ex. 2.)

## PROPRIETY OF VENUE

Venue is proper in this district because the state court where the State Court Action has been pending is in this district.  *See* 28 U.S.C. § 1441(a).

## BASIS OF REMOVAL

Pursuant to 28 United States Code Sections 1332, 1441, and 1446, removal of a state civil action to federal court is proper "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a); *see also* 28 U.S.C. §§ 1441(b), 1446(c).  Here, both requirements are satisfied.

*First*, complete diversity exists between the parties. For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen" of "every State and foreign state by which it has been incorporated" and of "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has clarified that a corporation's "principal place of business" is its "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Whether a corporation conducts business activities in a particular state, or the proportion of a corporation's business activities that occur in a particular state, has no bearing on this determination. *Id.* at 93.

Here, there is no dispute that this action is between citizens of different states, as required for diversity of jurisdiction. The Plaintiff is a resident of California and he resides in Riverside County, California. (*See* Complaint ¶ 7, Ex. 1.) And Epic Games is incorporated in Maryland with its principal place of business in Cary, North Carolina. (*See id.* ¶ 9, Ex. 1.)

*Second*, and although Epic Games denies Plaintiff's factual allegations and denies any liability, Plaintiff's claim places in controversy more than the $75,000 jurisdictional threshold to assert diversity jurisdiction. "[A] defendant's notice of removal need only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "[e]vidence establishing the amount is required . . . only when the plaintiff contests,

or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded . . . ." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)(internal quotes omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that when determining the amount in controversy, attorney fees may be included "where an underlying statute authorizes an award of attorneys' fees . . . .") And "the measure of [attorney] fees should be the amount that can reasonably anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp.2d 1029, 1035 (N.D. Cal 2002).

Here, Plaintiff seeks three types of relief: statutory damages, attorney fees and costs, and injunctive relief. (*See* Complaint p. 9, ¶¶ 2-4, Ex. 1.) In the aggregate, and as explained below, this relief exceeds the $75,000 jurisdictional threshold for diversity.

Plaintiff seeks "statutory minimum damages of $4,000 per violation pursuant to section 52(a) of the California Civil Code." (*See id*. p. 9, ¶ 3, Ex. 1.) Epic Games denies that its Website violates the Unruh Act. Plaintiff has also been vague as to the number of violations of the Unruh Act he is alleging against Epic Games. Assuming, however, even a single violation of the Unruh Act, the statutory damages will be at least $4,000.

Plaintiff also seeks "attorney fees and expenses pursuant to . . . California Civil Code § 52(a)." (*See id*. p. 9, ¶ 4, Ex. 1.) Plaintiff's Counsel in two similar cases alleging

website accessibility violations of the Unruh Act that both were decided at the summary judgment stage sought attorney fees in the amount of $163,345.00 and $118,932.19. (*See* Lahti Decl. ¶¶ 2-6, Exs. A-B.) This action may similarly not be resolved until the summary judgment stage, if not later. A conservative estimate of attorneys' fees that can reasonably be anticipated is thus at least $100,000.

Further, Plaintiff's costs related to initiating and prosecuting this action will be at least $3,151.[1] Filing an unlimited civil case is $435. Plaintiff has demanded a jury trial, which is subject to an advanced jury fee of $150. Plaintiff is also subject to a daily jury deposit of $15 a day per juror, excluding mileage costs. Assuming a two-day jury trial involving twelve jurors, Plaintiff would be subject to $60 a day, per juror, amounting to at least $360. Court reporter per diem fees are $764 a day for four hours or more, which amounts to $1,528 for two days. Electronic recording service fees are $89 a day, which amounts to $178 for two days. Plaintiff will also be subject to an additional $500 should he choose to file a motion for summary judgment. And this calculus is based off the unlikely event that Plaintiff does not notice any depositions or pay for deposition transcripts. In total, Plaintiff's alleged statutory damages, as well as attorney fees and costs to maintain this action bring the amount in controversy to at least $107,151.

---

[1] The cited costs are based on the Superior Court of California, County of Los Angeles's Civil Fee Schedule, available at http://www.lacourt.org/forms/pdf/fees/fee-schedule-2019.pdf.

Moreover, the above calculation does not include the injunctive relief sought by Plaintiff, which can also be included in the aggregate amount. Plaintiff seeks injunctive relief "requiring Defendant to take the steps necessary to make the Website . . . readily accessible to and usable by visually-impaired individuals . . . ." (*See* Complaint p. 9, ¶ 2, Ex. 1.) Epic Games Website is already accessible to and usable by the visually-impaired and thus Epic Games does not know at this time the precise cost for compliance if Plaintiff were to be successful on his claim. Epic Games, however, is certain that such compliance would be at least the cost of the injunction asserted by Plaintiff of $20,000.

Finally, Plaintiff's attempt to limit the amount of controversy by asserting that the relief sought is "not to exceed $74,999" is of no legal effect because without a binding stipulation, which was not filed, the pled cap is not binding on Plaintiff. *Castaic Clay Mfg. Co. v. Dedes*, 195 Cal. App. 3d 444, 449-450 (Cal App. 1987) (stating it was proper to award damages in excess of damages sought in complaint); *Acosta-Smith v. Equifax Inc.*, Case No. 8:18-cv-00005-JLS-PJW, 2018 WL 1155981 at *3 (C.D. Cal. March 5, 2018) (noting that plaintiff's pled damages cap is not unconditionally determinative of the amount in controversy).

The amount in controversy requirement for jurisdiction under section 1332(a) is thus satisfied because Epic Games has established at least $127,151 is in controversy, and the case thus may be removed. *See* 28 U.S.C. § 1441(b).

## NOTICE AND SERVICE

Epic Games, in accordance with 28 United States Code Section 1446(d), will promptly provide written notice of this removal, together with a copy of this Notice, to Plaintiff, and will file a copy of this Notice with the Superior Court of the State of California for the County of Los Angeles. By filing this Notice, Epic Games is not waiving any defenses or admitting any of the allegations in the Complaint.

Dated this 20th day of December, 2019

**MCNEILL | VON MAACK**

/s/ Brian E. Lahti
Christopher Von Maack
Brian E. Lahti
*Attorneys for Defendant, EPIC Games, Inc.*

## PROOF OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in Salt Lake County, State of Utah.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is McNeill | Von Maack, 175 South Main Street, Suite 1050, Salt Lake City, UT  84111.  On the date set forth below, I served a copy of the following document(s): **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION** on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

> Pacific Trial Attorneys
> A Professional Corporation
> Scott J. Ferrell
> 4100 Newport Place Drive, Suite 800
> Newport Beach, California 92660
> sferrell@pacifictrialattorneys.com

☑ **BY US MAIL:**  by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices.  I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

☐ **BY OVERNIGHT COURIER:**  by placing the document(s) listed above in a sealed envelope with a prepaid shipping label for express delivery and causing such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

☐ **BY FACSIMILE:**  by causing to be transmitted via facsimile the document(s) listed above to the addressee(s) at the facsimile number(s) set forth above.

☑ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

☐ **BY PERSONAL DELIVERY:** by causing to be personally delivered the document(s) listed above to the addressee(s) at the address(es) set forth above .

I declare under penalty of perjury under the laws of the State of Utah and the United States that the above is true and correct.

Dated:  December 20, 2019           /s/ *Carrie A. Watters*
                                                    Carrie Watters